United States District Court
Southern District of Texas

**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES P. FREDERICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02331 |
| | § | |
| DUPONT SPECIALTY PRODUCTS USA, | § | |
| LLC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the defendant, Dupont Specialty Products USA, LLC's, motion for summary judgment. (Doc. 25). The defendant brings the instant motion under Fed. R. Civ. P. 56 alleging no genuine issues of material fact is raised by the plaintiff's claims. The Court, being duly advised of the premises, GRANTS the defendant's motion.

### II. FACTUAL BACKGROUND

This action stems from the defendant's termination of the plaintiff's employment on August 20, 2020. On June 4, 2007, the defendant hired the plaintiff, a 44 year old man, as an operator. During the plaintiff's employment, he was disciplined on several separate occasions in 2007, 2009, 2015, 2017, and 2020. On three occasions the plaintiff was sent home.

In July of 2020, the plaintiff had an altercation with another coworker, Allen Ford ("Ford"), stemming from the plaintiff's belief that Ford received an exorbitant amount of vacation time from their supervisors Joel Perez ("Perez") and Kerry Haner ("Haner"). The

plaintiff's co-worker, Varun Ojha ("Ojha"), witnessed this incident. At the time of this incident, Perez was 50 years old and Haner was 49 years old.  On August 7, 2020, Ford approached the plaintiff about his complaints to Perez. In response, the plaintiff told Ford "meet outside" or "offsite." Ford deemed the plaintiff's responses, threatening.

On August 14, 2020, the plaintiff met with Alex Solis ("Solis"), operations maintenance manager, to complain that he believed Perez disclosed his conversation with Ford in July. During this conversation the plaintiff did not mention age or disability; however, he disclosed that he was seeing a psychologist. On the same day, Perez and Haner met with Ford to discuss the altercation. Ford reported that he perceived the plaintiff's approach and responses as threats of violence. The next day, Perez and Haner met with the plaintiff and received a conflicting account of the event. Subsequently, Perez and Haner also met with Ohja to discuss his account of the incident. Ohja reported that Ford was calm and when he spoke, he used clean language throughout the altercation; yet, the plaintiff was irate and loud.

As a result of the initial investigation, the plaintiff was sent home with pay while management and HR reviewed the facts. Following the review, the defendant decided to terminate the plaintiff's employment. Consequently, on August 20, 2020, the plaintiff was discharged from employment for violating the defendant's Code of Conduct and workplace policies.

On March 9, 2021, the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC") alleging discrimination based on age and disability, and retaliation. On July 13, 2022, the plaintiff filed the instant action alleging: (1) age discrimination under the Age Discrimination in Employment Act of

1967 ("ADEA"); (2) disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"); and (3) retaliation under the ADA. Before the Court is the defendant's motion for summary judgment.

## III.    CONTENTIONS OF THE PARTIES

The defendant argues that the plaintiff's Complaint fails to raise any genuine issues of material fact. More specifically, the defendant argues that the plaintiff's claims that occurred more than 300 days before the plaintiff filed his EEOC charge are barred. The defendant further argues that even if the plaintiff could establish a prima facie case of discrimination, failure to accommodate a disability, or retaliation, the defendant has proffered a legitimate and non-discriminatory reason for his discharge; therefore, summary judgment is proper.

In opposition, the plaintiff argues that evidence supports his assertion that the defendant's basis for termination rest upon the plaintiff's disclosure of his disability during his conversation with Solis. Further, the plaintiff asserts, his age was a motivating factor in his termination. Finally, the plaintiff contends that the defendant's legitimate non-discriminatory assertion is a pretext for retaliation because the defendant's witnesses and parties allegedly fabricated evidence to create an appearance of a non-discriminatory termination.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to meet its burden to show the existence of an essential element of its case. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). When determining whether a genuine issue of material fact exists, the court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003).

The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## V.      ANALYSIS & DISCUSSION

### A.   *Events before May, 2020 are time-barred*

Preliminarily, the Court must determine whether any of the plaintiff's claims are time-barred. "To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). If an employee does not file a charge with the EEOC within 300 days of the event, his claims are barred. "[A] Texas employee's ADEA claims are normally time-barred if the employee fails

4

to file an age discrimination charge with the EEOC within 300 days from the date of the [alleged] unlawful employment practice." *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 384 (5th Cir. 2002).

Dupont argues that because Frederick filed his EEOC Charge on March 9, 2021, all acts that occurred before May 13, 2020, are time-barred because he did not exhaust his mandatory administrative remedies. The Court agrees, and the plaintiff offers no response to this argument. Accordingly, all claims premised on events before May 13, 2020, are dismissed.

B.  *Title VII Discrimination and McDonnell Douglas Framework*

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). Likewise, the ADEA prohibits an employer from discharging "any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1).

It is undisputed that there is no direct evidence of age or disability discrimination in this case. In such cases, the Court uses the burden-shifting *McDonnell Douglas* approach. *Watkins v. Tegre*, 997 F.3d 275, 281 (2021). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this approach, the plaintiff must first make a *prima facie* case of disability discrimination. To support a disability discrimination claim under the ADA in absence of direct evidence of discrimination due to disability, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability. *Rodriguez v. Eli Lilly and Co.*, 820 F.3d 759, 766 (5th Cir. 2016). If the plaintiff makes this showing, the defendant must articulate a

legitimate, non-discriminatory reason for its actions. *McDonnell Douglas Corp.*, 411 U.S. at 792. If the defendant fails, the presumption of discrimination disappears. *Id*. Otherwise, an employee must offer sufficient evidence to create a genuine issue of material fact that the defendant's reason is not true, but merely a pretext for discrimination. *Outley v. Luke & Assocs., Inc.* 840 F.3d 212, 216 (5th Cir. 2016).

The record shows that the plaintiff admitted that he never had a disability nor asked for an accommodation with his job duties due to his now alleged disability. (Doc. 25 Ex. B at 16). Consequently, the plaintiff relies on conversations that occurred prior to May 13, 2020, as proof that the defendant should have known of his disability. However, the plaintiff's conversation with Solis fails to reveal that the plaintiff has a disability and there is no evidence otherwise. *See Hennings v. Towers Watson*, 11 F. 4th 335, 344 (5th Cir. 2021) (affirming lower courts grant of summary judgment finding the plaintiff has not pointed to evidence in support of a disability).  Furthermore, there is no evidence that the plaintiff's treatment, if any, by a psychologist interfered with the plaintiff's ability to perform his job functions as an operator. The plaintiff admits that he was always able to perform his duties, that he never saw a doctor for any alleged pain, and that the defendant never stated he could not have time off for medical visits.

The defendant's decision to terminate the plaintiff arises from multiple violations and investigations stemming from the plaintiff's on-site conduct. A termination based on violent language or an altercation in the workplace is a legitimate non-discriminatory reason for termination. *See Clairborne v. Recovery Sch. Dist.,* 690 Fed. Appx. 249, 257 (5th Cir. 2017) (affirming lower courts grant of summary judgment based on the defendant presenting a

legitimate non-discriminatory reason for termination); *see also Henry v. Spectrum L.L.C.*, No. 3:18-CV-01086-N, 2019 WL 1254954, at *1 (N.D. Tex. March 19, 2019) (granting summary judgment based on the plaintiff's inability to present evidence creating a reasonable inference that his alleged disability premised his termination). Therefore, the Court holds that the termination of the plaintiff's employment was not based on any disability.

The Court also finds that the plaintiff's age discrimination claim fails to raise a genuine issue of material fact. See *Keller v. Coastal Bend College*, 629 Fed. Appx. 596, 600 (5th Cir. 2015) (affirming the lower court's dismissal of the plaintiff's ADEA retaliation claim). Accordingly, the Court grants summary judgment on the plaintiff's ADA and ADEA discrimination claims.

### C. ADEA Retaliation Claim

To establish a claim for retaliation under the ADEA, a plaintiff must show: "(1) that he engaged in [a] protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Heggemeier v. Caldwell County, Texas,* 826 F.3d. 861, 869 (5th Cir. 2016).

Notably, the plaintiff's opposition fails to address the defendant's ADEA retaliation arguments. Consequently, the Court accepts the defendant's factual allegations as true. *Western Power, Inc. v. TransAmerican Power Products, Inc*., 316 F. Supp. 3d 979, 986 (5th Cir. 2018) ("[w]hen a party chooses not to respond to all or part of a summary judgment . . . [the Court] may accept as undisputed facts the movant provides in support of its motion."). As a result of the plaintiff's failure to dispute the defendant's allegations, the Court finds that the facts before it fail to support the plaintiff's ADEA retaliation claim.

Notably, the plaintiff never filed any age-related grievances with the defendant's human resources department. Nor has the plaintiff presented facts that establish a causal connection between his termination and any age or disability claim. It is noted that the defendant was over 40 years of age when he was employed. *See Heggemeier*, 826 F.3d at 870 (granting the defendant's summary judgment on the plaintiff's ADEA retaliation claim based on the plaintiff's deficiencies to satisfy the first and third elements of a ADEA retaliation claim). Accordingly, the Court grants summary judgment on the plaintiff's ADEA retaliation claim.

## VI.    CONCLUSION

Based on the foregoing analysis and discussion, the plaintiff cannot make his prima facie case of discrimination or retaliation. Consequently, the defendant's motion for summary judgment is hereby **GRANTED**.

It is so **ORDERED**.

SIGNED on December 13, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge